# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

CHRISTOPHER ROY                                                                             PLAINTIFF

v.                                                                                            No. 4:06CV109-P-A

M.D.O.C., ET AL.                                                                  DEFENDANTS

## MEMORANDUM OPINION

This matter comes before the court on the motion by *pro se* prisoner Christopher Roy to proceed *in forma pauperis* in this challenge under 42 U.S.C. § 1983 to the conditions of his confinement at the Mississippi State Penitentiary. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. For the reasons set forth below, the instant case shall be dismissed for failure to state a claim upon which relief could be granted.

## Factual Allegations[1]

The plaintiff alleges that he did not receive notice twenty-four hours before disciplinary hearings for three separate prison rule infractions: Rule Violation 669869 (Refusing to obey the order of a staff member - to stop running and lay on the ground on January 31, 2006), Rule Violation 317682 (Attempting to escape - exiting the van and running through downtown Meridian, Mississippi, on January 31, 2006), and Rule Violation 669872 (Unauthorized possession of money - concealing $240.00 under his shorts prior to transport from Lauderdale County to the Mississippi State Penitentiary on January 31, 2006).

---

[1] The facts set forth in this opinion can be found in the plaintiff's complaint and the completed Rule Violation Reports the court requested and received from the Mississippi Department of Corrections. The Rule Violation Reports and associated papers are attached to the instant opinion as Exhibit A.

### Rule Violation 317682 (Attempt to Escape)

The plaintiff admitted that he attempted to escape (Rule Violation 317682); he signed a form to that effect February 2, 2006. In addition, at the hearing on Rule Violation 669869 (Refusing to obey the order of a staff member), the plaintiff testified that he was, indeed, moving down the road and away from the transport officers during the incident in question – and did not stop until one of the officers shot at him. A reasonable person would describe this behavior on the part of a prisoner as an attempt to escape. As the plaintiff admitted the infraction both before and during the hearing, he has waived his due process claim. In addition, the plaintiff received two notices stating that the disciplinary hearings would be held on February 3, 2006. The hearings were, however, postponed until February 6, 2006, pending investigation. The plaintiff knew that the hearings would be held at some point shortly thereafter. Therefore, the plaintiff received an additional three days to prepare for the hearing, and his failure to do so does not constitute a violation of due process by the defendants. Further, the punishment the plaintiff received was referral of the matter to the district attorney for prosecution – and to pay for the costs the state incurred during the chase that led to the plaintiff's recapture. This court has not the power to prevent individuals or state agencies from reporting crimes to state authorities for prosecution under state law. Finally, as discussed above, the plaintiff had more than ample opportunity to prepare for the hearing on the matter, including an additional three days during which Mississippi Department of Corrections officials conducted an investigation. For these reasons, the plaintiff's claim that the defendants violated his right to due process on Rule Violation 317682 (Attempt to Escape) must fail.

### Rule Violation 669872 (Unauthorized Possession of Money)

The plaintiff's sole punishment for Rule Violation 669872 (Unauthorized Possession of Money) was referral of the matter to the district attorney. As discussed above, this court does not

have jurisdiction to prevent individuals or state agencies from reporting crimes to state authorities for prosecution. Indeed, anyone may report a crime to state authorities at any time without notice to the accused. As such, even if the plaintiff had not been given notice of the hearings, such a failure on the state would not constitution a violation of due process. *Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995) (level of punishment for rule infraction must impose atypical and significant hardship on the inmate in order to trigger due process protection). As such, the plaintiff's due process claim regarding Rule Violation 669872 (Unauthorized Possession of Money) must also fail.

**Rule Violation 669869 (Refusing to Obey the Order of MDOC Staff Member)**

As discussed above, each rule violation at issue in this case arose out of the same set of facts and circumstances, the transport of the plaintiff from Lauderdale County back to the Mississippi State Penitentiary. The plaintiff received notice of the hearing and even had the advantage of an extra three days in which to prepare for the hearings. Thus, his due process claim fails because he had notice of the hearing and an opportunity to be heard at the hearing itself. As such, the plaintiff's due process claim regarding Rule Violation 669869 shall be dismissed for failure to state a claim upon which relief could be granted.

In sum, all of the plaintiff's claims shall be dismissed for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 31st day of July, 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE